```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ABDUL WAHEDI,

                    Petitioner,          MEMORANDUM AND ORDER
                                         04-CV-2548 (JS)
        - against -

J.T. SMITH,

                    Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:     Jonathan Isidor Edelstein, Esq.
                    271 Madison Avenue, 20th Floor
                    New York, NY 10016


For Respondent:     Marcia R. Kucera, Esq.
                    Michael J. Miller, Esq.
                    Suffolk County District Attorney's Office
                    Criminal Courts Building
                    200 Center Drive
                    Riverhead, NY 11901

SEYBERT, District Judge:
```

On December 8, 2008, Petitioner filed a letter motion (docket entry No. 22) seeking leave to amend his habeas corpus petition and file a supplemental memorandum of law. Respondent filed no opposition to this motion. The Court has already granted Petitioner's motion in part to permit Petitioner to file a supplemental brief. The Court now GRANTS Petitioner leave to amend his habeas corpus petition.

## BACKGROUND

On June 17, 2004, Petitioner, appearing pro se filed for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner's motion was fully briefed by December 6, 2004. At some point

following this briefing, Petitioner obtained counsel, who sought to stay Petitioner's habeas corpus proceeding to allow Petitioner to return to New York state court to exhaust ineffective assistance of appellate counsel claims under a writ of error coram nobis. On February 8, 2008, the Court granted Petitioner's motion to stay these proceedings pending Petitioner's forthcoming writ of error coram nobis. On February 29, 2008, Petitioner filed such a writ in state court. Petitioner's writ of coram nobis was exhausted on November 24, 2008, when the New York Court of Appeals denied Petitioner's leave to appeal. Petitioner now moves to amend his habeas corpus petition to include those claims raised in his state coram nobis proceeding. Specifically, Petitioner asks to raise claims that:

(1) Appellate counsel was ineffective in failing to protest the trial court's admission of alleged bad acts without a Sandoval hearing;

(2) Appellate counsel was ineffective in failing to protest the trial court's allegedly erroneous and prejudicial jury instructions on justification;

(3) Appellate counsel was ineffective in failing to protest the trial court's admission of allegedly gruesome and prejudicial crime scene photographs;

(4) Appellate counsel was ineffective in failing to protest the trial court's admission of a statement as an excited utterance

2

exception to the hearsay rule.

### **DISCUSSION**

A motion to amend a habeas petition is analyzed under the standards set forth in Federal Rule of Civil Procedure 15(a). <u>Ching v. United States</u>, 298 F.3d 174, 180 (2d Cir. 2002). Under Rule 15(a), a party may amend its pleading once as a matter of course before being served with a responsive pleading. After being served, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, justice so requires. Petitioner's <u>coram nobis</u> proceeding raised non-frivolous issues which are now fully exhausted in state court. In addition, Petitioner now has the benefit of being represented by counsel, and thus is no longer appearing <u>pro se</u>. And Respondent has filed no opposition to Petitioner's requested amendment. Furthermore, nothing indicates that Respondent would suffer any prejudice from such an amendment. Thus, under the circumstances of this case, permitting Petitioner to amend his § 2254 petition serves the interest of justice. <u>See generally</u> <u>D'Amico v. Conway</u>, 04-CV-2253, 2008 WL 5819622, *2 (S.D.N.Y. 2008) (permitting a petitioner to file a second habeas corpus petition to raise issues addressed in <u>coram nobis</u> proceeding); <u>Peterson v. Greene</u>, 06-CV-0041, 2008 WL 2464273, *3 (S.D.N.Y. 2008) (noting, without comment, that the Court had granted petitioner leave to amend to include claims raised in <u>corum</u>

nobis proceeding); O'Connor v. Kuhlman, 97-CV-2914, 2005 WL 2063817, *1 (S.D.N.Y. 2005) (same).

Consistent with this Court's previous order, Petitioner shall file a supplemental memorandum of law concerning Petitioner's amended petition by July 15, 2009. Respondent's response, if any, is due August 17, 2009.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         July   1  , 2009

4